PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BENITA WILLIAMS, ) | |
| ) | CASE NO.  4:21CV76 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| WARDEN BALDOLF, *et al.,* ) | |
| ) | **ORDER** |
| Defendants. ) | |

Pending before the Court is this recently-transferred case.  Because the Court concludes that the parties were not afforded an opportunity to be heard regarding the transfer before the case was *sua sponte* transferred to this District, the Court concludes that this case must be returned to the United States District Court for the Southern District of Ohio, Eastern Division, for further proceedings.

**I. Background**

On January 11, 2021, a magistrate judge of the United States District Court for the Southern District of Ohio transferred the instant matter to the above-captioned district and division.  The transfer order states, in its entirety:

> Plaintiff, a prisoner currently incarcerated at a halfway house, Defendant Community Corrections Association ("CCA") in Youngstown, Ohio, alleges that she is being "continuously incarcerated" at the halfway house despite the expiration of her sentence. (See generally Doc. 1). In her proposed amended complaint, she alleges that CCA will not allow her to leave or conduct her business. (See generally Doc. 10 (alleging that she cannot go to the library to "conduct legal research," "access her money," or "run her business")).
>
> For the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. § 1404(a); *see also Simmons v. Lafler*, No. 14-13063, 2014

(4:21CV76)

>U.S. Dist. LEXIS 166466, at *6 (E.D. Mich. Dec. 1, 2014) (noting that the court may transfer the case *sua sponte* for the convenience of the parties or witnesses). Under 28 U.S.C. § 1391, this action may have been brought in the United States District Court for the Northern District of Ohio, Eastern Division at Youngstown because that is the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . ." *Id.* Here, a substantial part of the events giving rise to the Complaint occurred at CCA in Youngstown. (See Doc. 1).
>
>Based upon the foregoing, the Court in its discretion DIRECTS the Clerk of Courts to TRANSFER this case to the United States District Court for the Northern District of Ohio, Eastern Division at Youngstown, see 28 U.S.C. § 115.

ECF No. 11 at PageID 49-50.

## II. Legal Standard

"[A] district court considering a § 1404(a) [transfer] must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 62-63 (2013) (footnote omitted). "Factors relating to the parties' private interests include 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Id.* 571 U.S. at 63 n.6 (quoting *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241, n. 6 (1981) (internal quotation marks omitted)). "Public-interest factors may include 'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* (quoting *Piper Aircraft Co.,* 454 U.S. at 241 n.6 (internal quotation marks omitted)).

2

(4:21CV76)

Critically under § 1404, "[t]he Court *must* also give some weight to the plaintiffs' choice of forum." *Atl. Marine Const. Co.*, 571 U.S. at 63 n.6 (citing *Norwood v. Kirkpatrick,* 349 U.S. 29, 32 (1955)) (emphasis added).[1]  While a transferee court may not take on the function of an appellate court and review the merits of the decision to transfer by a transferor court, transfer back to the original venue is proper when the transferee court determines that "that the parties were not afforded an opportunity to state their views on [the] matter." *Hite v. Norwegian Caribbean Lines*, 551 F. Supp. 390, 396 (E.D. Mich. 1982).

### III. Analysis

The docket reveals no explanation for Plaintiff's choice of forum.  That alone, however, does not make this case notable.  Plaintiffs regularly choose legally appropriate fora for personal or sometimes idiosyncratic reasons not obvious from the docket. Plaintiff's choice of forum is entitled not only to respect, but deference.  *See Van Dusen v. Barrack*, 376 U.S. 612, 634 (1964) (Section 1404 "operates on the premises that the plaintiff has properly exercised [her] venue privilege."); *see also IUE-CWA v. Gen. Elec. Co.*, No. 4:15CV2301, 2016 WL 6909076, at *5 (N.D. Ohio Feb. 10, 2016) ("Plaintiffs have chosen the Northern District of Ohio as their forum, a decision which this Court affords substantial weight.").

The transfer order does not evaluate the § 1404 factors.  Such consideration could not be made on the existing record because the Complaint has not yet been reviewed

---

[1]  Unlike transfers under § 1631 or § 1406, the original Court need not find a defect in its own ability to handle the case prior to transfer.

3

(4:21CV76)

under 28 U.S.C. § 1915, the parties have not yet provided the Court with information concerning the present location of witnesses, and no party has been afforded an opportunity to be heard regarding the transfer.

Nevertheless, one can imagine facts that, if true, would weigh in favor of litigating this matter in the Southern District. Plaintiff resides in a halfway house. By definition, she plans to live elsewhere at some point in the not so distant future – does she intend to reside in, or close to, the Southern District once she leaves the halfway house?[1] Plaintiff is currently litigating another matter in the Southern District. *See* ECF No. 8. As a *pro se* litigant, she might prefer the consistency of litigating in a single district. Most notably, two of the three defendants named in this action are asserted to reside within the Southern District of Ohio, with only the institutional Defendant asserted to exist within the Northern District of Ohio. ECF No. 1 at PageID #: 1. Without listing every circumstance that may lean towards the transferring district, it is clear there is a need for inquiry before transfer.

While transfer under § 1404 may be initiated *sua sponte*, courts may not do so without giving the parties an opportunity to be heard. The Sixth Circuit has made clear that transfers are "erroneous" when "the district court fail[s] to provide the parties an opportunity to brief or argue this issue and failed to make findings on, or otherwise

---

[1] Courts evaluate a plaintiff's choice of forum on a "sliding convenience scale[.]" *Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488, 493 (6th Cir. 2016). However, "[i]n general, the standard of deference for a U.S. plaintiff's choice of a home forum permits dismissal [or transfer] only when the defendant 'establishes such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience, which may be shown to be slight or nonexistent.'" *Duha v. Agrium, Inc.*, 448 F.3d 867, 873–74 (6th Cir.2006) (quoting *Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947)) (alterations omitted).

4

(4:21CV76)

analyze, any of the factors relevant to a § 1404 transfer." *Moore v. Rohm & Haas Co., 446 F.3d 643, 647 (6th Cir. 2006)* (footnote omitted).  Specifically, a Court "considering *sua sponte* transfer of case 'should make that possibility known to the parties so that they may present their views about the transfer,' *that burden of proof in arguing for transfer is on defendant*, and that broad factors relevant under § 1404 are convenience of parties, convenience of witnesses, and interests of justice[.]" *Id.* (quoting 15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE §§ 3844, 3847–48 (2d ed.2005)) (emphasis added).

### IV.  Conclusion

As it is well-established that the parties were entitled to be heard on the question of transfer under § 1404 prior to any *sua sponte* transfer, the undersigned concludes that this case must be returned to the District in which it was filed.  The Court hereby directs the Clerk of Courts to transfer this action to the United States District Court for the Southern District of Ohio, Eastern Division, for further proceedings.

    IT IS SO ORDERED.

| | |
|---|---|
| January 26, 2021 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |

5